IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUN 14  AM 11 50

STEPHAN HARRIS, CLERK
CHEYENNE

JOSEPH RUBEN HILL,

            Petitioner,

vs.

UNITED STATES OF AMERICA

            Respondent.

Case No:  19-CV-59-F

14-CR-27-F

## ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

This matter is before the Court on Defendant/Petitioner Joseph Ruben Hill's ("Hill") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Government responded to the motion by way of a motion to dismiss and answer, and Hill submitted his reply. The Court has reviewed the filings and is fully informed in the premises and FINDS and ORDERS as follows:

## BACKGROUND

**Procedural History**

On January 15, 2014 and July 24, 2014, the Grand Jury returned an Indictment and a Superceding Indictment against Hill alleging various offenses arising out of his involvement in a conspiracy to defraud the United States by using and promoting sham trusts to evade income taxes, and to obstruct the investigation of that conspiracy. (Docket

Report for *United States v. Hill*, 14-cr-27-F, Docs. 1 and 14 [Indictment and Superceding Indictment])(hereinafter "Doc. __")).

Hill pled not guilty to all charges. (Docs. 13, 165). On May 4, 2015, the jury trial commenced (Doc. 442), which concluded on May 28, 2015 with a guilty verdict on all counts. (Doc. 484, 494). On August 18, 2015, the Court imposed a 41-month prison sentence on Hill, concurrent as to all counts. (Doc. 571). Following a restitution hearing the Court entered a final second amended judgment and commitment order on September 14, 2015. (Doc. 592). Hill did not file an appeal or otherwise challenge his conviction or sentence until March 22, 2019, when he filed his initial 28 U.S.C. § 2255 motion.

Hill has served his sentence and is currently under supervised release.

## DISCUSSION

In this case, the Government asserts that Hill's § 2255 motion is untimely and without merit. The Court agrees that Hill's § 2255 motion is untimely, without any exception. As such, the Court lacks jurisdiction to consider the motion.

Title 28 U.S.C. § 2255 contains a statute of limitations provision which provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

2

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of applying the one-year limitation period established by § 2255, a defendant's conviction is final when the district court filed its judgment and when the defendant's right to further appeal that judgment has been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987); *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); *United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000). Here, the Court entered the second amended judgment reflecting Hill's sentence on September 14, 2015. (Doc. 592). Hill did not appeal his conviction. Thus, by even the most conservative of estimates, Hill's one-year filing period under § 2255 expired sometime in late September or early October 2016. Yet, Hill did not file his § 2255 motion until March 22, 2019 – almost two and one-half years too late.

Hill makes various arguments seeking to undermine the validity of the criminal law under which he was prosecuted, and further argues that his attorney was ineffective in that he did not research Hill's claim that the law was somehow void or invalid. Hill also argues the indictment was defective and the trial judge cannot produce all the required credentials to adjudicate the underlying criminal case. (Doc. 660). Hill's own argument indicates that he brought these so-called defects to the attention of his counsel during or before trial. Thus, Hill cannot show any newly-discovered facts supporting his claims, nor does he provide any suggestion of a date when these facts were discovered through the exercise of

due diligence. Therefore, the exception under subsection (f)(4) for a late-filed petition does not apply.  Therefore, Hill's § 2255 motion is untimely and must be dismissed.

## CONCLUSION

For all the above stated reasons, the files and record in this case conclusively establish that Hill is not entitled to any relief.  Accordingly, no evidentiary hearing is required. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988)(no hearing required where § 2255 motion may be resolved on review of record before the Court).

A certificate of appealability (COA) may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Hill has failed to make a substantial showing of a denial of a constitutional right, therefore a COA should not issue in this action.

IT IS ORDERED that the Government's Motion to Dismiss (Civil Doc. 8) is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED for lack of jurisdiction.

IT IS FINALLY ORDERED that a certificate of appealability shall not issue.

Dated this ___14___ day of June, 2019.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE